**UNITED STATES COURT OF APPEALS**

**May 6, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TRAVIS EMANUEL BAILEY,

    Defendant-Appellant.

No. 08-6008

(D.C. No. 5:07-CV-01115-R)
(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

    Defendant Travis Emanuel Bailey, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because Defendant has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

In August 2004, Defendant pled guilty to one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. 922(g)(3). Defendant's plea agreement contained the following waiver of appellate rights:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>
>> a. Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>>
>> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines[;]
>>
>> c. It is provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

United States v. Bailey, 187 F. App'x 846, 852 (10th Cir. 2006) (quoting the plea

agreement) (alterations in original).

Defendant appealed his sentence to this court, arguing that (1) the district court misapplied the United States Sentencing Guidelines ("Guidelines"), (2) there was insufficient evidence to support enhancements to his sentence, and (3) his Sixth Amendment rights were violated. In an unpublished opinion, we affirmed his sentence, holding that the waiver of appellate rights in the plea agreement precluded Defendant from challenging the district court's application of the Guidelines and the sufficiency of the evidence supporting the enhancements to his sentence. See Bailey, 187 F. App'x at 851-54. We also held that, although the waiver did not preclude Defendant's argument under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), the Sixth Amendment error at sentencing was harmless. See Bailey, 187 F. App'x at 854-56.

Defendant then filed the instant motion under § 2255, contending that (1) his trial counsel was ineffective in failing to investigate, discover, and present exculpatory evidence and evidence of prosecutorial misconduct at sentencing, and (2) the prosecutor committed misconduct at sentencing in failing to reveal that the Oklahoma State Bureau of Investigation did not quantify the amount of drugs in a mixture, and in misrepresenting that there were 3,785 grams of methamphetamine in a mixture, when the prosecutor knew that the actual quantity of methamphetamine was much less.

3

The district court denied Defendant's motion. The district court concluded that the waiver in the plea agreement was valid, and that the grounds for relief cited by Defendant fell within the scope of the waiver. Enforcement of the waiver, moreover, would not result in a fundamental miscarriage of justice. The district court thus held that the waiver precluded Defendant from collaterally challenging his sentence in this fashion.

Defendant filed a notice of appeal and requested that the district court issue a COA and grant him leave to proceed on appeal *in forma pauperis*. The district court denied both requests. On appeal, Defendant has renewed his request for a COA and for leave to proceed *in forma pauperis*.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2553(c)(2). In order to make such a showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

4

Having reviewed the record, we agree with the district court that Defendant's waiver of his appellate rights was knowing and voluntary. We further agree with the district court that the waiver bars Defendant's claims, and that enforcement of the waiver would not result in a fundamental miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325-29 (10th Cir. 2004) (en banc). The waiver in the plea agreement precludes Defendant's § 2255 motion.

The motion for leave to proceed on appeal *in forma pauperis* and the request for a COA are DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5